UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY GROUBBS,

    Plaintiff,

v.

KNIGHT-SWIFT TRANSPORTATION
HOLDINGS, INC.,

    Defendant.
_____/

Case No. 4:25-cv-12215

District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

**ORDER:  (1) DEEMING WITHDRAWN SEVERAL MOTIONS (ECF Nos. 2, 3, 19); (2) DIRECTING THE CLERK OF THE COURT TO SUBSTITUTE "JOHNNY GROUBBS" FOR "JOHN DOE"; (3) GRANTING IN PART DEFENDANT'S OCTOBER 8, 2025 MOTION (ECF No. 13); (4) UNSEALING THIS CASE; (5) SETTING A DEADLINE FOR PLAINTIFF TO FILE AN AMENDED COMPLAINT; (6) DEEMING MOOT PLAINTIFF'S OCTOBER 14, 2025 REQUEST (ECF No. 15); (7) STRIKING SEVERAL FILINGS (ECF Nos. 35, 36, 37, 38, 39, 40, 41, 42, 43); and, (8) OTHERWISE STAYING THIS CASE PENDING RESOLUTION OF THE DEFENDANT'S OCTOBER 27, 2025 MOTION (ECF No. 25)**

**A.    Background**

Plaintiff, under the pseudonym John Doe, initiated this lawsuit against Knight-Swift Transportation Holdings, Inc. on July 16, 2025, alleging negligence. (ECF No. 1).[1]  Plaintiff has since paid the filing fee, and Defendant has appeared via counsel (*see* ECF Nos. 13, 17).

---

[1] On September 2, 2025, Plaintiff filed a separate lawsuit against Daimler Trucks North America, L.L.C. (Freightliner), alleging product liability and negligence.

1

## B.     November 19, 2025 Motion Hearing

Judge Behm has referred this case to me for pretrial matters. (ECF No. 9.) Pursuant to the Court's notices (*see* ECF Nos. 21, 33, 34), Plaintiff, on his own behalf, and Defendant, via Attorneys Lawrence T. Garcia, Charles B. Lee, and Ashley Thompson, appeared remotely on November 19, 2025 for a video motion hearing. At the outset of the hearing, the Court addressed several housekeeping matters in detail, such as:

1.  The need for papers filed in this Court to comply with E.D. Mich. LR 5.1(a)'s requirements for information, format, and type size, *e.g.*, double-spaced, 14-point font, page numbering, etc.;

2.  A warning about the use of generative artificial intelligence (AI) and the potential for sanctions if a filing does not comply with Fed. R. Civ. P. 11 (b) ("Representations to the Court.");

3.  The fact that a litigant cannot take multiple bites at the same apple and must comply with E.D. Mich. LR 7.1 ("Motion Practice"). In particular, the Court drew the litigants' attention to L.R. 7.1(d) ("Briefs."), which addresses briefs required and permitted, the form of required briefs, and the length of briefs. The movant gets the last word by filing a reply. As reflected in Judge Patti's guidelines: "*Additional briefing*, including sur-replies, will NOT be permitted unless requested by the Court. The Court will strike any improperly filed sur-replies or other briefing not contemplated by the Local Rules." (Emphasis added.) This includes new motions on the same subject.

4.  A litigant gets one shot at the same relief.

---

*See Johnny Groubbs v. Daimler Trucks North America, L.L.C.*, Case 2:25-cv-12756-DPH-EAS (E.D. Mich.).

5. The Court will treat the parties' motions concerning sealing and anonymity (ECF Nos. 2, 3, 13, 19) as one in the same.

6. The parties should not count on virtual hearings as the norm, as the Undersigned ordinarily holds motion hearings in person.

7. There are too many filings in this relatively young case, especially where a motion for arbitration (*see* ECF No. 25) is pending.

8. Information on the U of D Mercy Law School Federal Pro Se Legal Assistance Clinic may be found on the Court's website by using the drop-down box for "Representing Yourself," *see* https://www.mied.uscourts.gov/index.cfm?pageFunction=proSe.

9. Regardless of whether a party has counsel, all litigants are subject to three sets of rules: (a) the Federal Rules of Civil Procedure; (b) the E.D. Mich. Local Rules; and, (c) the Practice Guidelines of the judicial officer before whom the party is appearing, which are available on the Court's website (*see* www.mied.uscourts.gov).

10. The litigants may not just plow evidence into the record. For example, discovery material may only be filed in certain circumstances (*see* E.D. Mich. LR 26.2 "Filing Discovery Material").

11. Given the pending motion to compel arbitration (ECF No. 25), which is dispositive, this case will be stayed.

12. Drawing the litigants' attention to Judge Patti's online Practice Guidelines for "Motion Practice" (*see* www.mied.uscourts), in particular the requirements for "Courtesy Copies."

13. The parties' filings must comply with E.D. Mich. LR 7.1(d)(3) ("Length of Briefs."). For example, "[t]he text of a reply brief, including footnotes and signatures, may not exceed 7 pages[,]" E.D. Mich. LR 7.1(d)(3)(B), so the Court will only read the first eight pages of Defendant's 13-page reply (*see* ECF No. 31), taking into account that the case caption took up a sizable portion of the first page.

**14.** The identification of "John Doe" appears in at least two filings (*see* ECF Nos. 2, 37).

Following further discussion and oral argument, the Court issued several rulings from the bench.

**C. Order**

Upon consideration of the motion papers and the parties' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein:

- Plaintiff's motion to seal identifying information (ECF No. 2), Plaintiff's motion to proceed under pseudonym (ECF No. 3), and motion for protective order (ECF No. 19) are **DEEMED WITHDRAWN**.[2] Accordingly, the Clerk of the Court is **DIRECTED** to substitute Plaintiff's name (Johnny Groubbs) for the pseudonym (John Doe). His contact information for docket purposes appears at ECF No. 2, PageID.8.

- Defendant's motion to unseal case, for order prohibiting pseudonymity, and for extension of time to answer (ECF No. 13) is **GRANTED** as to unsealing and pseudonymity, and **DENIED AS MOOT** as to filing an answer, in light of Defendant's pending Motion to Compel Arbitration and Dismiss (ECF No. 25). Accordingly, this case is **HEREBY UNSEALED**, and Defendant's obligation to file an answer or otherwise respond to the complaint or the soon-to-be-filed amended complaint is **STAYED**, as explained three bullet points below.

- No later than **Wednesday, December 3, 2025**, Plaintiff **SHALL** amend his complaint (ECF No. 1) for the sole purpose of addressing anonymity, *i.e.*, removing anonymity and adding anything left out for

---

[2] The withdrawal of these motions was preceded by Plaintiff's statement on the record that he lost his job between November 9 and 11, 2025.

4

the purpose of anonymity.  <u>He is not given leave to make any other revisions to his complaint</u>.

- Plaintiff's notice regarding PACER/CM-ECF access and request for electronic viewing privileges (ECF No. 15) is **DEEMED MOOT**. Once the case is unsealed, the filings will be viewable to Plaintiff, as well as the public.

- This case is **STAYED** pending mediation and the Court's complete resolution of Defendant's motion to compel arbitration and dismiss or stay this action (ECF No. 25), as to which the Undersigned intends to issue a report and recommendation.  Meanwhile, the parties will endeavor to mediate this case no later than **Friday, January 30, 2025,** as agreed on the record.[3]

- Notwithstanding this stay, no later than **Wednesday, December 10, 2025**, the Court directs the filing of a joint status report regarding mediation, and any follow-up joint status reports regarding the same.

- Plaintiff's motion to declare arbitration inapplicable and unenforceable as against public policy where life-threatening conduct is alleged (ECF No. 35), Plaintiff's related corrected filing (ECF No. 39), Plaintiff's related amended motion (ECF No. 41), and Plaintiff's related amended memorandum of law (ECF No. 43) are **STRICKEN** as redundant,[4] because the issue of arbitration was already fully briefed (*see* ECF Nos. 25, 29, 31).  Put another way, new motions on the same subject are akin to an impermissible sur-reply.

---

[3] During the November 19, 2025 video hearing, defense counsel stipulated that his client has agreed to pay 100% of the fee for one-half day of remote mediation (*i.e.*, up to 4 hours).  Plaintiff's agreement to participate in mediation, as required by the arbitration agreement that is presently under advisement, is without waiver of his right to continue to dispute arbitrability, *i.e.*, Plaintiff is reserving his right to dispute Defendant's attempt to compel arbitration, and the Court so recognizes that reservation.

[4] Additionally, as noted during the November 19, 2025 video hearing, Plaintiff's notice of corrected filing (ECF No. 39) does not conform to the spacing requirements, although it is not being stricken on that basis.

- Plaintiff's second, third, and fourth responses to Defendant's motion to compel arbitration (ECF Nos. 36, 40, 42) are **STRICKEN** as redundant, because Defendant filed its motion on October 27, 2025 (ECF No. 25), Plaintiff filed a response on November 3, 2025 (ECF No. 29), and Defendant filed a reply on November 10, 2025 (ECF No. 31), at which point briefing was closed.

- Plaintiff's notice of Federal Motor Carrier Safety Administration (FMCSA) complaint and "motion for the Court to consider federal safety and criminal implications in ruling on Defendant's motion to dismiss/compel arbitration or stay" (ECF No. 37) is **STRICKEN** as redundant, because it amounts to an impermissible sur-reply.

- Plaintiff's "corrected motion to file carbon monoxide detector evidence and request for evidentiary consideration regarding vehicle safety conditions" (ECF No. 38) is **STRICKEN**, because it seeks to add evidence to the record, and, to the extent it seeks to bolster Plaintiff's stance on arbitration, it is outside the briefing period.

Defendant's October 27, 2025 motion (ECF No. 25), as to which briefing has closed (ECF Nos. 29, 31), is taken under advisement, and a report and recommendation will issue under separate cover.

### CONSENT AND REFERENCE TO MAGISTRATE JUDGE

Finally, in the interest of the prompt and efficient adjudication of this case, the Court **ORDERS** the parties to meet and confer on whether they are willing to consent to the Undersigned, a United States Magistrate Judge, conducting all further proceedings. If both parties consent, the Undersigned Magistrate Judge (and any subsequent Magistrate Judge to whom the case is assigned, in that unlikely event) would effectively act as a federal district judge and any appeals

would be taken directly to the United States Court of Appeals for the Sixth Circuit, eliminating the right to file objections to the assigned district judge under Fed. R. Civ. P. 72.  *See* 28 U.S.C. § 636(c)(1), (3).

If all parties are willing to consent, counsel must, **within 21 days of the date of this order**, file a fully executed *Notice, Consent and Reference of a Civil Action to a Magistrate Judge* form, a copy of which is available in fillable format at: https://www.mied.uscourts.gov/PDFFIles/Notice_Consent_Ref_MJ_RE.pdf) . Once the form is submitted, then Judge Behm would presumably enter a reference order, and all further proceedings would be conducted before the Magistrate Judge. This would obviate the need for the pending decision on Defendant's motion to compel arbitration and to dismiss (ECF No. 25) to be dealt with by report and recommendation, and would enable the Undersigned to rule on that motion and all others directly.  To be clear, consent to Magistrate Judge jurisdiction is voluntary and is not required.

**IT IS SO ORDERED.**[5]

Dated:  November 21, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[5] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).